IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM SHANNON** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **COBBLESTONES PROPERTIES** | : | NO. 13-7193 |
| **CYSTAL D'ANTONIO** | : | |

<u>MEMORANDUM</u>

**ROBRENO, J.**                                                                 JANUARY 31, 2014

    Plaintiff William Shannon filed an amended complaint against Cobblestones Properties and Cystal D'Antonio. The amended complaint asserts breach of contract claims against the defendants, who appear to be plaintiff's landlords and/or property managers. For the following reasons, the Court will dismiss the amended complaint for lack of subject matter jurisdiction.

    "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff's amended complaint does not raise any federal claims, so there is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the only possible basis for this Court's subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. A federal district court has diversity jurisdiction over a case where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

    The amended complaint reflects that all of the parties are citizens of Pennsylvania. Accordingly, there is no basis for the Court's jurisdiction over this lawsuit. In any event, it appears that plaintiff already has a lawsuit pending in state court concerning the matters in his amended complaint. Plaintiff will not be given leave to amend because he cannot cure the jurisdictional defect in this case. An appropriate order follows.

1